IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROLLAND L. TOCKEY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3108 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DIRECTOR OF DEPARTMENT OF CORRECTIONS, et al, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 22, the defendants' Motion to Dismiss the complaint filed by the plaintiff, Rolland L. Tockey, an inmate in the custody of the Nebraska Department of Correctional Services ("DCS"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his health and safety while incarcerated at the Nebraska State Penitentiary ("NSP").

Despite the plaintiff's complaints of problems with his shoulder for which he requested to be assigned to a lower bunk, the NSP staff refused, and the plaintiff was assigned to an upper bunk bed. On December 13, 2004, the plaintiff's shoulder "gave out" while he was trying to descend from the top bunk, and he fell backwards, sustaining a head injury which rendered him unconscious.

The defendants failed to provide the plaintiff with medical care until December 20, 2004. As a result of the fall and delay in medical treatment, the plaintiff lost the use of his right side. He still suffers from a loss of strength on that side of his body. Hospital doctors have diagnosed the plaintiff with "demyelinating disease," a disorder of the nervous system involving damage to the myelin sheath of neurons. The plaintiff attributes the condition to his fall, which in turn was caused by the defendants' disregard for his safety.

The defendants contend that the complaint fails to state a claim on which relief may be granted under the Eighth Amendment to the United States Constitution. The plaintiff resists the Motion in filing no. 26, pointing to the liberal standard of review for civil rights complaints. The plaintiff also mentions statements by a neurologist at the hospital that any doctor should have seen that the plaintiff's original symptoms posed a serious health risk, and that the delay in treatment after the plaintiff's fall exacerbated his condition.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C.

Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

In light of that strict standard, filing no. 22, the defendants' Motion to Dismiss, is denied. The defendants shall answer the complaint within thirty (30) days of the date of this order.

SO ORDERED.

DATED this 24th day of April, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

2